# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**HENRY YOVANI PEREZ GOMEZ,**

**Petitioner,**

**v.**                                              **Case No. 26-CV-871**

**WARDEN ELEAZAR GARCIA,** *et al.,* [1]

**Respondent.**

## ORDER

On May 18, 2026, Henry Yovani Perez Gomez filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging the legality of his continued immigration detention. (ECF No. 1.) This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases, which the court may apply to § 2241 petitions pursuant to

---

[1] "Pursuant to federal habeas statute, the proper respondent to a habeas petition is the person who has custody over the Petitioner." *Levario-Garcia v. Prim*, No. 16-C-11364, 2017 WL 1181592, 2017 U.S. Dist. LEXIS 46849, *4 (N.D. Ill. Mar. 29, 2017) (citing 28 U.S.C. § 2242; *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004)). "The Seventh Circuit has made clear that in the immigration context, the warden where the alien is detained pending removal is the proper custodian for habeas purposes, and not other federal actors." *Id.* (citing *Kholyavskiy v. Achim*, 443 F.3d 946, 953–54 (7th Cir. 2006)). Perez Gomez is in custody at the Winn Correctional Center in Winnfield, Louisiana. The official ultimately in charge of that facility is Warden Eleazar Garcia. *See* "Winn Parish Directory," Louisiana Sheriff's Association, https://lsa.org/directory/winn-parish/. The Clerk of Court shall terminate all other persons and federal entities identified as respondents, with the exception of the United States of America, who remains as a nominal party.

Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2). *See* Rule 4, Rules Governing § 2254 Cases ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").

## 1. Procedural Background

On May 19, 2026, Perez Gomez filed an "Emergency Motion for Temporary Restraining Order, Emergency Stay of Removal, Preliminary Injunction, and Request for Constitutionally Adequate Custody Review." (ECF No 5.) The motion for emergency injunctive relief (ECF No. 5) was referred to District Judge Brett Ludwig for disposition.

On May 21, 2026, then-respondents United States Immigration and Customs Enforcement ("ICE"), United States Department of Homeland Security ("DHS") and United States Department of Justice ("DOJ") filed a preliminary response reporting that Perez Gomez, through counsel, requested and was granted voluntary departure from the United States on May 7, 2026. (ECF No. 9, ¶ 2 (citing ECF No. 9-1 (copy of immigration judge's order reflecting voluntary departure was granted and Perez Gomez was ordered to depart on or before May 21, 2026, or at a date determined by DHS)).) They also indicated that Perez Gomez and DHS both waived administrative appeal of the immigration judge's order and, at the time of filing the response, no motion to reopen the removal proceedings had been submitted. (*Id.*, ¶ 3 (citing ECF No. 9-1 at 6 (copy of immigration judge's order reflecting both parties' waivers)).

2

Based on the record of voluntary departure, on June 5, 2026, Judge Ludwig denied Perez Gomez's motion for emergency relief. (ECF No. 11.)

On May 19, 2026, Perez Gomez also filed an "Emergency Motion to Update Detention Location, Preserve the Court's Jurisdiction, Prevent Transfer or Removal, and Maintain Status Quo Pending Habeas Review." (ECF No. 8.) It appears this motion was inadvertently not referred to Judge Ludwig together with the first motion for emergency injunctive relief, so it will be addressed in this order.

Perez Gomez also filed a motion to appoint counsel together with his habeas petition, which the court will also address herein. (ECF No. 3.)

## 2. Factual Background

Perez Gomez is a citizen of Honduras who was detained in this district at the Dodge Detention Facility at the time of filing his petition. (ECF No. 1, at 1, 3; ECF No. 9, ¶ 1.) He was later moved to the Winn Correctional Center in Winnfield, Louisiana. (ECF No. 8, ¶¶ 1–2; ECF No. 9, ¶ 1.)

Perez Gomez states in his petition that he has a pending claim for asylum (ECF No. 1 at 3, 5) and that his immigration proceedings were "continued" with future hearings "to be determined" (ECF No. 1 at 9). He has been detained since February 16, 2026. (*Id.* at 10.)

### 3. Analysis

#### 3.1. Screening the Petition

Perez Gomez argues that his continued detention violates his substantive and procedural due process rights under the U.S. Constitution because detention no longer meaningfully advances any legitimate governmental purpose and less restrictive alternatives exist. (ECF No. 1 at 5–7.) He requests to be released under reasonable conditions of supervision or, alternatively, provided a constitutionally adequate individualized bond hearing before a neutral decisionmaker. (*Id.* at 7.)

Based on the current legal landscape, the court would typically order the respondents to show cause why the writ should not be issued for an individual like Perez Gomez, who states that he has a pending application for asylum but is being subjected to mandatory detention. However, the court has the benefit of screening this case after a preliminary response has been filed.

Perez Gomez's representation that his asylum application is pending in immigration court is inconsistent with the administrative record provided by the respondents, which reflects that the immigration judge granted "post-conclusion" voluntary departure after denying Perez Gomez's applications for asylum and withholding of removal. (*See* ECF No. 9-1 at 3–4.) This contradiction about the status of immigration proceedings merits a response from Perez Gomez before the case proceeds. Therefore, the court will order Perez Gomez to supplement his petition with details about

4

why he believes his immigration proceedings are still pending or why the administrative record provided by the respondents is incorrect or incomplete.

### 3.2. Emergency Motion Regarding Location

Perez Gomez filed an "Emergency Motion to Update Detention Location, Preserve the Court's Jurisdiction, Prevent Transfer or Removal, and Maintain Status Quo Pending Habeas Review." (ECF No. 8.)

The motion is moot with respect to the first two points. First, the docket has already been updated to reflect Perez Gomez's current location of detention in Louisiana. Second, this court can properly hear his petition because he was detained in this district at the time of filing. *See Arizmendi v. Noem*, 812 F. Supp. 3d 819, 823 n.2 (N.D. Ill. 2025) ("a prisoner's transfer from one federal facility to another during the pendency of a habeas corpus proceeding does not affect the original district court's jurisdiction") (quoting *In re Hall*, 988 F.3d 376, 378 (7th Cir. 2021)).

As for the requests to prevent transfer or removal and maintain the status quo pending habeas review, Perez Gomez claims that continued transfers and/or removal during pending habeas proceedings substantially interfere with his constitutional right of access to the courts and ability to litigate. (ECF No. 8 at 2.)

Perez Gomez has not demonstrated how transfer will interfere with his access to the court. He will continue to be served with all filings via U.S. Mail regardless of the location of his detention. And, as already demonstrated, transfer will not interfere with

this court's jurisdiction over his habeas petition. *See Munoz-Rojas v. Gerber*, No. 26-CV-391-NJ, 2026 WL 710943, at \*1 (E.D. Wis. Mar. 13, 2026) (denying request to prevent transfer because it would be unnecessary to preserve the court's jurisdiction). Therefore, the court will deny Perez Gomez's request to prevent further transfers.

The court will also deny Perez Gomez's request to prevent his removal during the pendency of his habeas petition because the habeas petition challenges his detention, not his removal. Challenges to the adjudication of an immigration case or the execution of a removal order are outside the authority of this court. *See E.F.L. v. Prim*, 986 F.3d 959, 964 (7th Cir. 2021) (observing that "challenges to the three listed decisions or actions—to commence proceedings, adjudicate cases, or execute removal orders—are insulated from judicial review").

### 3.3. Motion for Appointment of Counsel

The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), allows the court to recruit counsel for an indigent petitioner seeking habeas relief under 28 U.S.C. § 2241 if the court finds that it would serve "the interests of justice" and that the petitioner is "financially eligible." 18 U.S.C. § 3006A(a)(2)(B). However, "due process does not require appointment of counsel for indigent prisoners pursuing … federal habeas relief." *Pruitt v. Mote*, 503 F.3d 647, 657 (7th Cir. 2007); *see also Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) ("There is no right to court-appointed counsel in federal civil litigation.").

The most the court can do is attempt to recruit an attorney who is willing to work for free. 28 U.S.C. § 1915(e)(1). Recruiting an attorney, however, is a difficult task. *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014). "Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Id*. (quoting *Olson*, 750 F.3d at 711). Thus, the court is forced to limit its recruitment of volunteer attorneys to those litigants who need counsel the most. *Id*.

To determine whether it is appropriate to recruit a volunteer attorney to represent an indigent litigant, the court asks: "(1) has the indigent [petitioner] made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the [petitioner] appear competent to litigate himself?" *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010) (quoting *Pruitt*, 503 F.3d at 654).

Perez Gomez has provided no evidence of any efforts to recruit counsel. (*See* ECF No. 3.) Up to this point, he has adequately outlined his claims in his petition. His present task is not to justify the merits of his petition but to explain the factual discrepancy about the current state of his immigration proceedings so that the court can properly screen his petition.

If Perez Gomez's ability to litigate or the complexity of his case changes as the case proceeds, the court is willing to reevaluate his request for counsel. But Perez Gomez would first need to demonstrate that he attempted to secure counsel on his own. *See Watts*

*v. Kidman*, 42 F.4th 755, 761 (7th Cir. 2022) (observing that threshold inquiry asks whether the petitioner adequately attempted to secure counsel). As such, the court will deny without prejudice Perez Gomez's motion for the recruitment of counsel.

## 4. Conclusion

**IT IS THEREFORE ORDERED** Warden Eleazar Garcia is **substituted** as the respondent in place of Sheriff Dale Schmidt.

**IT IS FURTHER ORDERED** that all individuals and entities named as respondents by the petitioner, aside from Warden Garcia and the United States of America, are terminated.

**IT IS FURTHER ORDERED** that Perez Gomez's motion to appoint counsel (ECF No. 3) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Perez Gomez's Emergency Motion to Update Detention Location, Preserve the Court's Jurisdiction, Prevent Transfer or Removal, and Maintain Status Quo Pending Habeas Review (ECF No. 8) is **denied.**

**IT IS FURTHER ORDERED** that Perez Gomez must file with the court a supplement to his petition no later than **July 1, 2026. <u>If Perez Gomez fails to do so the court will dismiss his petition.</u>**

[Continued on Next Page]

8

**IT IS FURTHER ORDERED** that all of the petitioner's filings with the court shall be mailed to the following address:

Office of the Clerk
United States District Court
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, WI 53202

DO NOT MAIL ANYTHING DIRECTLY TO CHAMBERS. It will only delay the processing of the matter.

The petitioner should also retain a personal copy of each document.

The petitioner is further advised that failure to comply with all deadlines in this matter may have serious consequences, up to and including the loss of certain rights or the dismissal of this entire action.

In addition, the petitioner must immediately notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 10th day of June, 2026.

WILLIAM E. DUFFIN
U.S. Magistrate Judge

9