# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| HENRY YOVANI PEREZ GOMEZ,<br><br>Petitioner,<br><br>v.<br><br>ELEAZAR GARCIA,<br><br>Respondent. | Case No. 26-CV-871-JPS<br><br>**ORDER** |

On May 18, 2026, Petitioner Henry Yovani Perez Gomez ("Petitioner") moved for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. After some intermittent briefing on a separate issue, Magistrate Judge William E. Duffin screened the petition and ordered Petitioner to supplement the petition on or before July 1, 2026 and noted that his failure to do so would result in dismissal of this action. ECF No. 12 at 4–5, 8. Judge Duffin's order was mailed to Petitioner at the immigration facility where he was detained, but it was returned undeliverable. ECF No. 14; *see also* ECF No. 13 at 3 (another order in this case was returned from the same facility, noting that Petitioner was "[r]eleased").

Because Petitioner's mail was returned undeliverable and it appeared that Petitioner had been released from detention, Judge Duffin entered a Report and Recommendation ("R&R") that this action be dismissed without prejudice. ECF No. 15 ("Because it appears that [Petitioner] is either no longer interested in pursuing this action or that it has been mooted by his release, the court will recommend that his petition

be dismissed."). Judge Duffin entered the R&R after Petitioner's deadline to supplement had passed. *Contrast* ECF No. 12 *with* ECF No. 15.

Petitioner filed a letter on the docket sixteen days later—i.e., outside of the timeframe within which to object to the R&R, ECF No. 15 at 2 (citing 28 U.S.C. § 636(b)(1)(B))—stating that he was removed from the United States and thus was unable to file the supplement as ordered by Judge Duffin. ECF No. 16. Petitioner also filed an updated address the same day as his objection, which provided an address in Waukesha, Wisconsin. ECF No. 17.

Notably, Petitioner's letter did not supplement his petition as ordered by Judge Duffin's screening order; Petitioner does not state "why he believes his immigration proceedings are still pending or why the administrative record by the respondents is incorrect or incomplete." *Contrast* ECF No. 12 at 5 (screening order, requiring Petitioner to supplement) *with* ECF No. 16 (Petitioner's objection to the R&R, nowhere addressing either topic). And while Petitioner's letter arguably objects to the R&R's finding that Petitioner no longer desires to pursue this action, his letter does not even mention the independent ground that the petition is mooted by Petitioner's release. *See* ECF No. 12 at 5; *see generally* ECF No. 16. This finding is supported by Petitioner's Waukesha address, updated on July 22, 2026 by Petitioner. ECF No. 17. Accordingly, even after conducting a de novo review of the R&R, *see* FED. R. CIV. P. 72(b)(3), the Court reaches the same result: the petition in this case should be dismissed. The Court will thus adopt the R&R in full and dismiss the petition and this action without prejudice.

Accordingly,

**IT IS ORDERED** that Magistrate Judge William E. Duffin's Report and Recommendation, ECF No. 15, be and the same is hereby **ADOPTED**;

**IT IS FURTHER ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, ECF No. 1, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED without prejudice**.

Dated at Milwaukee, Wisconsin, this 3rd day of September, 2026.

The Clerk of Court is directed to enter judgment accordingly.

BY THE COURT:

J. P. Stadtmueller
U.S. District Judge